Eugene Wartel *v.* P. Darbein et al.—Meuillon, f. m. c., Intervenor.

Under Article 2456 of the Code, when the vendor retains possession, there is reason to presume that the sale was simulated. This presumption, however, is not conclusive—but throws on the vendee the burden of proving that the transaction was in good faith and the sale real.

APPEAL from the District Court, Parish of St. Landry, *Cushman,* J., presiding. *Garland* & *Lastrappes,* for plaintiff and appellant. *Déjean,* for defendant. *Martin,* for Intervenor.

Slidell, J. This case presents a controversy between an attaching creditor and a purchaser from the debtor. The latter was successful in the Court below.

The material facts are as follows: The plaintiff seized the slave in dispute under a writ of attachment against the defendant on the 14th April, 1852. On the 30th March, 1852, the defendant sold the slave to the Intervenor for $900, which was paid in cash in the notary's presence; but this act was not recorded until the 15th April, 1852. The slave, when seized, was in the possession of the defendant's wife, and had been since the sale. The defendant seems to have gone to France with the intention of a temporary absence, expecting to return in the fall; such at least was the statement made to one of his acquaintances, to the intervenor, and to the plaintiff by letter, after his departure. His declaration was that he would return in the ensuing summer. The notary and and other witnesses give the Intervenor an excellent character for truthfulness

and integrity, and he is shown to be in good circumstances. A witness states <span style="float:right;"><small>WARTEL<br>*v.*<br>DARBEIN ET AL.</small></span> he told him, in a conversation about *Darbein*, that he would reconvey the slave to him on his return from France upon his repaying the price.

It is said that under the article 2456 of the Code, the vendor's retention of possession affords reason to presume that the sale was simulated. This is true, but the presumption is not conclusive. It throws upon the vendee the burden of proof that the transaction was in good faith, and that the sale was real. This the purchaser did to the satisfaction of the District Judge, and an examination of the evidence has not satisfied us that his conclusion was erroneous.

But it is said that even if there was no simulation, the sale is inoperative for want of seasonable registry.

In *Monday* v. *Wilson*, 4 Louis. 341, it was said that the Act of 1810, which provides, "that no notarial act concerning immovable property shall have any effect against third persons, until the same shall have been recorded in the office of the Judge of the Parish where such immovable property is situated," (See Bullard & Curry's Digest, p. 596,) was not applicable to sales of slaves. We are not aware that this decision has been overruled. We prefer, however, not to determine the case on that point, the question being one of much importance, and our present means of research is limited. There is another point on which the case may be put; and that is, that even supposing registry to be necessary in case of sales of slaves, the intervenor is protected by the 2d section of the Act of 1839, which provides that all acts passed before any notary out of the parish of Orleans and filed, as required by the first section of that Act, within twenty days after their execution, shall take precedence of any other act passed in relation to the same property of a subsequent date, although first recorded, any law to the contrary notwithstanding. See Acts of 1839, p. 194, and Consolidated Statutes, p. 430, Nos. 13, 14.

Judgment affirmed, with costs.